COMMONWEALTH *vs.* BERNARD CROFT.

Suffolk.    November 5, 1962. — November 28, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Narcotic Drugs.  Evidence,* Presumptions and burden of proof.

At the trial of an indictment charging possession of heroin with intent
unlawfully to sell and deliver it, a verdict of guilty was not warranted
on evidence showing merely that the defendant was found in possession
of heroin worth about $80 and admitted that he had been a habitual
user of heroin but had "kicked it" three weeks previously: the Com-
monwealth did not sustain its burden of proving that the defendant had
retained the heroin with the intention of selling and delivering it.

INDICTMENT found and returned on April 7, 1961.

The case was tried in the Superior Court before *Paquet,* J.

*Albert L. Hutton, Jr.* (*Ronald J. Chisholm* with him) for
the defendant.

*John A. Pino,* Assistant District Attorney, for the Com-
monwealth.

SPIEGEL, J.   An indictment, drawn in two counts, charged
the defendant in count 1 with unlawful possession of heroin
and in count 2 with possession of heroin with the intent
unlawfully to sell and deliver it.   He was tried before a
jury, found guilty on each count, and sentenced to a term
of not more than ten years and not less than seven years.
The defendant is here on his exception to the denial of his
motion for a directed verdict on count 2.

There was evidence that several police officers went to the
defendant's home at 564 Warren Street, Roxbury, on March
21, 1961; that some of the officers engaged in a conversation
with the defendant; that, while the conversation was taking
place, two officers found some heroin and other narcotics in
a common hallway which led down from the rear of the
defendant's apartment; that, when shown the drugs found

in the hall, the defendant admitted that the heroin was his but denied that any of the other narcotics belonged to him. The heroin found was worth about $80 retail value. The defendant admitted that he had been an habitual user of heroin but had "kicked it three weeks ago." There was further testimony that the defendant and the officers went to the cellar of the defendant's house where he showed the officers other narcotics, none of which was heroin, hidden behind a board.

There was no direct evidence of any intention to sell or deliver the heroin in question and there are no cases or statutes in this jurisdiction creating any presumption that a person who has possession of heroin has it with the intention to sell it. The Commonwealth's case, therefore, rests solely on circumstantial evidence, the rule for the probative character of which is well settled. It is that "the circumstances must be such as to produce a moral certainty of guilt, and to exclude any other reasonable hypothesis; '. . . the circumstances taken together should be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion, and producing, in effect, a reasonable and moral certainty, that the accused, and no one else, committed the offence charged.' *Commonwealth* v. *Webster*, 5 Cush. 295, 319." *Commonwealth* v. *Burke*, 339 Mass. 521, 527.

While the rule of law is clear, it is not always easily applied. On the sparse evidence presented the Commonwealth has shown merely the bare possession of heroin coupled with the defendant's admission that although he had been a user of heroin he had "kicked it three weeks ago." It is argued that, since the defendant admitted that he had not personally used the heroin for that period, his only object in retaining possession of it must have been to sell it. However, another plausible explanation comes readily to mind, which would permit a contrary inference to be drawn with at least as much justification. A drug addict might retain $80 worth of a narcotic upon which he was formerly dependent until he was certain he had de-

Commonwealth *v.* Croft.

feated the habit. On previous occasions he may have attempted to terminate his addiction to drugs and failed. As frequently happens with cigarette smokers or drinkers he may have wished to test his will power to resist taking the narcotic while still retaining possession of the drug.

The inference that the defendant held the heroin with the intention to sell it is no more compelling than the inference we stated above. "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." *Commonwealth* v. *O'Brien,* 305 Mass. 393, 400. *Commonwealth* v. *Carter,* 306 Mass. 141, 147. *Commonwealth* v. *Burke,* 339 Mass. 521, 528–529. "A verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong." *Commonwealth* v. *O'Brien, supra,* 400. In choosing among the possible inferences from the evidence presented, a jury necessarily would have had to employ conjecture. This is insufficient to sustain the burden resting upon the Commonwealth. *Commonwealth* v. *Albert,* 310 Mass. 811, 817.

When the evidence in the case at bar is considered in the light of the governing principles of law, we are of opinion that the defendant's motion for a directed verdict should have been granted.

*Exceptions sustained.*