COMMONWEALTH *vs.* LINCOLN ERAMO. March 30, 1979. Lincoln Eramo, a registered physician, claims there was insufficient evidence to support his convictions at a jury waived trial on three indictments for prescribing a controlled substance (Nembutal) without legitimate medical purpose. See G. L. c. 94C, §§ 19, 32; *Commonwealth* v. *Comins*, 371 Mass. 222, 226 (1976). The Appeals Court affirmed the convictions, and we granted further appellate review. We reverse and order that judgments of acquittal be entered.

Eramo's convictions were based on three prescriptions for Nembutal which he delivered to Vincent Blanchard, one of four State police undercover agents who visited Eramo's office. The judge acquitted Eramo of seventeen indictments, but convicted him for prescriptions given to Blanchard on October 23, and December 16, 1975, and February 26, 1976. The judge said: "The reason I did that, I believe the Commonwealth sustained its burden of proof that Blanchard requested Nembutal, the doctor gave him Nembutal."

The record does not support the finding that Eramo prescribed Nembutal at Blanchard's request. On October 23, Blanchard suggested Nembutal as a possible prescription for Patnode, another undercov-

er agent, but Eramo did not give Patnode a prescription for Nembutal. Eramo did thereafter give Blanchard a prescription for Nembutal, but both undercover agents denied that Blanchard had requested Nembutal.[1] On December 16, Blanchard made no request for Nembutal. On February 26, Eramo was already filling out the prescription for Nembutal at the time of the request.

On these facts the Commonwealth has failed to sustain its burden. The inference that Eramo exercised independent medical judgment is as compelling as the inference that he issued prescriptions on request without legitimate medical purpose. "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." *Commonwealth* v. *Croft*, 345 Mass. 143, 145 (1962), quoting from *Commonwealth* v. *O'Brien*, 305 Mass. 393, 400 (1940). Thus, the judge should have allowed the defendant's request for findings of not guilty.[2]

The judgments are reversed, the findings of guilty set aside, and we order judgments to be entered for the defendant.

*So ordered.*

*Frederick S. Pillsbury* for the defendant.
*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.
*Dennis J. White* for The Massachusetts Medical Society, amicus curiae, submitted a brief.

---

[1] When asked, "In your presence did Trooper Blanchard ask for Nembutal," Patnode answered, "Not to my knowledge that he had asked. He had stated prior that Nembutal was good." Blanchard stated, "I mentioned Nembutal when they were trying to think of a drug. I did not ask for it." The troopers' answers, even if disbelieved, did not constitute affirmative proof to the contrary. See *Commonwealth* v. *Marino*, 343 Mass. 725, 728 (1962).

[2] The Commonwealth points to a number of facts which, if believed, or if viewed as a course of conduct, might have supported guilty findings. The judge, however, chose to rely solely on "requests" by Blanchard for Nembutal. Moreover, the judge treated as separate the three prescriptions for which he convicted Eramo, finding him not guilty for other prescriptions issued before, after, and contemporaneously with the three prescriptions at issue. We are bound by the judge's decision and have no occasion to consider whether additional facts or an alternative view of the evidence would have been sufficient to sustain the judge's findings.

