COMMONWEALTH *vs.* MARIANO MANZANILLO.

No. 93-P-142.

Worcester. December 15, 1993. - July 14, 1994.

Present: SMITH, PORADA, & GREENBERG, JJ.

*Practice, Criminal*, Required finding. *Controlled Substances. Joint Enterprise.*

At the trial of an indictment for trafficking in cocaine the judge should have allowed the defendant's motion for a required finding of not guilty where there was not sufficient evidence from which a jury could infer that the defendant was aware of the cocaine (found in a paper bag inside a closed "hip bag" underneath a shopping bag behind the driver's seat of the van the defendant owned and was driving with two passengers) and that he was willing to aid in its distribution, either on his own or as part of a joint venture. [27-28]

INDICTMENTS found and returned in the Superior Court Department on December 10, 1991.

The cases were tried before *Elizabeth Butler*, J.

*Patricia A. O'Neill*, Committee for Public Counsel Services, for the defendant.

*William E. Loughlin*, Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was indicted by a grand jury on charges of trafficking in more than 100 but less than 200 grams of cocaine, possession of cocaine with intent to distribute, and operating a motor vehicle without a license. A jury convicted him of the charges in all three indictments. The judge sentenced the defendant to a term of from ten years to ten years and one day on the trafficking conviction, dismissed the indictment for possession of cocaine with intent to distribute as duplicative, and filed the conviction for operating a motor vehicle without a license. On appeal, the defendant claims that the judge committed error in denying his

motion for a required finding of not guilty in regard to the indictment charging him with trafficking in cocaine.

We summarize the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Salemme*, 395 Mass. 594, 595 (1985). At approximately 4:30 P.M. on August 29, 1991, the defendant, while driving a passenger van on Route 84 in Sturbridge, was stopped by a State trooper for traffic violations. The trooper left his cruiser and approached the van. He noticed that it had tinted back and side windows. The trooper did not notice any activity in the van as he walked to the driver's side. He asked the defendant for his driver's license and vehicle registration. The defendant produced a driver's license from Puerto Rico and a registration indicating that the van was registered to him at an address in Revere. The driver's license was "dog-eared" with punch hole marks in it. In response to the trooper's questions, the defendant stated that he had been living in Lynn for over two months and that he was self-employed as a driver transporting people back and forth between Massachusetts and New York City. The defendant stated he did not have a Massachusetts driver's license. Based on the defendant's Puerto Rico license and his residency in Massachusetts, the trooper concluded that the defendant was not properly licensed to operate a motor vehicle in Massachusetts.

The van had two bucket seats in the front and two to three bench seats behind the driver. There was a passenger in the front passenger seat and another passenger sitting two bench seats back. The trooper asked both passengers if either one of them had a valid driver's license. The passenger seated next to the driver identified himself as Danielo Martinez; the defendant stated that Martinez was his friend and the other passenger was the only fare. The other passenger, identified as Jiminez, was seated in the rear, two bench seats behind the driver. Neither passenger had a license or was able to produce any identification.

The trooper concluded that neither of the passengers of the van was properly licensed to drive the van. He called for a tow truck and for another cruiser to assist him. According to

a written State police policy, it was necessary that he perform an inventory search of the vehicle prior to the tow to protect the officer from accusations of theft and to protect the driver and passengers from possible theft of their property. Before performing the inventory search, the trooper had the defendant drive the van to a weigh station some fifty yards ahead and off the road. The defendant and the passengers were asked to leave the van and stand in a nearby grassy area.

The trooper first searched the front seat area of the van where he found a number of items, including tools, a shirt on the back of the seat, cassette tapes, a baseball bat, and a radar detector in the area of the driver's seat; $50 and miscellaneous items in the console between the seats; and string and a water jug in the area of the front passenger seat.

The trooper then moved his search to the area between the front seats and the first bench seats. On the floor behind the driver's seat he found a brown paper shopping bag containing some clothes with the price tags on them,[1] a towel, a blanket, and a box with some toiletries in it. Under the shopping bag was a black "hip bag." In compliance with a written State police policy that required that all closed containers be opened, the trooper opened the hip bag and found a brown paper bag within it. When he looked inside the paper bag, he found a glassine bag containing a white powdery substance. Based on his training and experience, the trooper formed the opinion that the white powdery substance was cocaine.[2] The trooper informed the defendant and the two passengers that they were under arrest for "drugs" and took them to the State police barracks in Sturbridge.

---

[1]The trooper did not determine who owned the clothing in the paper bag. A pair of pants in the bag had a thirty-inch waist and a thirty-two-inch length. The trooper acknowledged that the defendant, who was five feet, eleven inches in height and weighed one hundred ninety-seven pounds when arrested, appeared to have a waist size larger than thirty inches. Martinez was five feet, seven inches tall and weighed one hundred fifty-five pounds. Jimenez was six feet, two inches in height and weighed one hundred sixty-five pounds.

[2]Subsequent chemical analysis determined the substance to be 123.4 grams of fifty-eight percent pure cocaine.

At trial, the trooper testified that at the barracks he asked the defendant, "in regards to the hip bag and the contents, the cocaine, what knowledge he had of it." The defendant responded that "it wasn't his" and that "it was Danielo Martinez's."

The standard that we employ in reviewing the denial of a motion for a required finding of not guilty is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979)(emphasis in original). "The Government . . . need not exclude every reasonable hypothesis of innocence, provided the record as a whole supports a conclusion of guilt beyond a reasonable doubt." *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989), quoting from *United States* v. *Systems Architects, Inc.*, 757 F.2d 373, 377 (1st Cir.), cert. denied, 474 U.S. 847 (1985).

The defendant was convicted of trafficking in cocaine under G. L. c. 94C, § 32E. Proof of possession requires evidence that the defendant had exclusive or joint control and power over the contraband or, in the case of constructive possession, "knowledge coupled with the ability and intention to exercise dominion and control." *Commonwealth* v. *Garcia*, 409 Mass. 675, 686 (1991), quoting from *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 563, 567 (1980). Here, the evidence showed that the defendant was the operator (and owner) of a passenger van in which cocaine was found in a paper bag, which was inside a closed hip bag found under a shopping bag in an area behind the driver's seat and between the front seat and the first bench seat. As the Commonwealth concedes, "[d]iscovery of contraband in the same automobile with the defendant, without more, is not sufficient evidence to warrant a finding of possession." *Commonwealth* v. *Garcia, supra* at 686-687, citing *Commonwealth* v. *Brown*, 401 Mass. 745, 747 (1988). "Presence in the same vehicle supplemented by other incriminating evidence, however, may

suffice to show knowledge or intent to control" *Commonwealth* v. *Garcia, supra* at 687. The Commonwealth contends that it introduced evidence of "[p]resence . . . supplemented by other incriminating evidence" from which the jury could reasonably infer that the defendant, the person occupying the driver's seat of the passenger van, knew of or intended to control the cocaine. The Commonwealth argues that the defendant's statement, in response to the trooper's question about his knowledge of the hip bag and the cocaine, that both belonged to Martinez was tantamount to an admission that he knew the cocaine was in the hip bag. We disagree.

While the defendant's response demonstrated that he had knowledge of the cocaine in the hip bag at the time of the trooper's question, the trooper had advised the defendant that he was under arrest for "drugs" *before* he asked him what he knew about the hip bag and the cocaine in it. As a result, the evidence equally supports the conclusion that the defendant either knew of the cocaine in the hip bag before he was stopped and arrested *or* that he learned of the cocaine through the trooper's statement at the time of the arrest and the trooper's subsequent question to him. "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." *Commonwealth* v. *Eramo*, 377 Mass. 912, 913 (1979), quoting from *Commonwealth* v. *Croft*, 345 Mass. 143, 145 (1962). In these circumstances, the evidence was insufficient to provide a sufficient basis on which the jury could find the defendant guilty of trafficking in cocaine.

There also was not sufficient evidence to support an inference that the defendant was involved in a joint venture with Martinez. There is no question that the defendant was present, but, as we have demonstrated above, the Commonwealth failed to present sufficient evidence from which the jury could infer that the defendant was aware of the cocaine and was willing to aid in its distribution.

The defendant's motion for a required finding of not guilty should have been allowed. We reverse the judgment, set aside the verdict, and order the entry of judgment for the defendant on the indictment charging trafficking in cocaine.

*So ordered.*