## COMMONWEALTH *vs.* ALAN A. LASKOWSKI.

No. 94-P-654.

Middlesex. March 5, 1996. - May 23, 1996.

Present: WARNER, C.J., DREBEN, & GREENBERG, JJ.

*Abuse Prevention. Practice, Criminal,* Appeal. *Waiver.*

A challenge to a portion of a noncontact order under G. L. c. 209A could not properly be brought on appeal from a conviction for violation of the order [482], nor did the defendant properly preserve a right to challenge the constitutionality of the order where he did not raise the issue by a dispositive motion in the proceedings below [482-483].

COMPLAINT received and sworn to in the Ayer Division of the District Court Department on March 1, 1993.

On appeal to the jury session of the Lowell Division, the case was tried before *Christine M. McEvoy,* J.

*Mark J. Gillis* for the defendant.

*Thomas F. Robertson,* Special Assistant District Attorney (*Melissa J. Weisgold,* Assistant District Attorney) for the Commonwealth.

WARNER, C.J. A District Court judge after a bench trial found the defendant guilty of violating the "no contact" provision of a G. L. c. 209A order on six occasions. After his sentence of eighteen months in a house of correction, six months to serve with the balance suspended with probation, the defendant appealed the finding and disposition to a jury session of the District Court. The defendant was found guilty of one violation of the "no contact" order and not guilty on the other charges by a six-person jury. The judge sentenced the defendant to two years in the house of correction, with one year committed and the balance suspended. The defendant appeals, claiming only that the Commonwealth's prosecution violated his constitutional right to familial association. We affirm.

The facts are as follows. In February of 1988, the victim, Christine Dirrane, and the defendant met and began dating. This relationship continued until January 1, 1992, during which time the victim gave birth to a child, Sabrina Laskowski. On November 19, 1992, the victim obtained, ex parte, a temporary restraining order pursuant to G. L. c. 209A. The order specifically prohibited the defendant from contacting the victim or Sabrina "in person, by telephone, in writing or otherwise." After a hearing for which the defendant had received notice and at which he failed to appear, the court extended this order until November 26, 1993. The defendant received notice of the extended order and was aware of its contents and duration.

At trial, the victim testified that the defendant telephoned her on February 28, 1993. The victim further testified that during this phone call, the defendant said, "that a restraining order is only good if you follow through with it, that [the defendant] was going to go away if [the victim] didn't go with him."[1] In addition, the victim testified that during the call she informed the defendant that she did not want him to see Sabrina and that if he wished to do so, he could go to the District Court to obtain relief from the restraining order. The defendant denied that he called the victim on February 28, or at any other time after the restraining order was issued.

The defendant testified that he had gone to the District Court to request permission to have contact with Sabrina. The defendant said that once there, he was directed to the Probate Court, a direction he claimed to have followed. In addition, he alleged that he was adjudicated to be the father of Sabrina in the Probate Court and that the Probate Court had scheduled a further hearing for the week after the trial on the G. L. c. 209A violation to consider whether to grant him visitation rights. The defendant offered no documentation to support these assertions.

The defendant raises one issue on appeal — whether the Commonwealth's prosecution of the defendant for violating the "no contact" portion of the G. L. c. 209A order, see § 3(*b*) and (*h*), violated his constitutional right to familial association without providing him the requisite due process of

---

[1]The content of the call is not significant. It was the fact of the call which established the G. L. c. 209A violation.

law.[2] We conclude that the defendant improperly appealed his conviction and waived his right to raise a constitutional challenge.

1. *The defendant's right to appeal.*

a. *The unreviewable nature of the defendant's appeal.* The defendant's challenge on appeal that the District Court judge deprived him of due process when the judge ordered him not to contact his former girl friend's *daughter*, Sabrina, is unrelated to his conviction for unlawfully contacting his former girl friend. Where a challenge to a conviction is unrelated to the conviction itself, an appeal brings nothing to us.

Moreover, even if the defendant was deprived of due process in the course of the entry of the order mandating that the defendant not contact his girl friend's daughter, the defendant's proper avenue of redress was to file a motion for modification pursuant to G. L. c. 209A, § 3, *Brossard* v. *West Roxbury Div. of the Dist. Ct.*, 417 Mass. 183, 185 (1994), or an appeal to a single justice pursuant to G. L. c. 211, § 3, *Callahan* v. *Boston Mun. Ct.*, 413 Mass. 1009, 1009 (1992), *Frizado* v. *Frizado*, 420 Mass. 592, 593 (1995). Indeed, while the defendant claimed to have filed a paternity action in the Probate and Family Court to obtain visitation rights pursuant to G. L. c. 209C, § 5(*a*), an alternative appropriate avenue of redress, at trial he did not produce any evidence supporting this assertion.

b. *The challenge to the constitutionality of the order.* The defendant also did not preserve his right to challenge the constitutionality of the G. L. c. 209A "no contact" order, because he did not raise the challenge by a dispositive motion in the proceedings below. The Supreme Judicial Court has consistently stated that a defendant may not argue for the first time on appeal that a statute is unconstitutionally applied. *Commonwealth* v. *Dockham*, 405 Mass. 618, 632-633 (1989). *Commonwealth* v. *Wolf*, 34 Mass. App. Ct. 949, 951

---

[2]General Laws c. 209A, § 3, as amended by St. 1990, c. 403, § 3, provides in part as follows: "A person suffering from abuse from an adult . . . may file a complaint in the court requesting protection from such abuse, including, but not limited to, the following orders: . . . (b) ordering the defendant to refrain from contacting the plaintiff, unless authorized by the court, whether the defendant is an adult or minor; . . . (h) ordering the defendant to refrain from abusing or contacting the plaintiff's child, or child in plaintiff's care or custody, unless authorized by the court."

(1993). Moreover, the court has delineated several ways in which a defendant can properly preserve an appeal challenging the constitutionality of a statute, including raising the issue below in a motion for a required finding of not guilty, *Commonwealth* v. *Oakes*, 407 Mass. 92, 94 (1990), or, in specific instances, by a motion to dismiss. *Commonwealth* v. *Kwiatkowski*, 418 Mass. 543, 545 (1994). Furthermore, the defendant himself concedes that, by failing to file a dispositive motion in either the primary court or the jury session below, he did not use the prescribed methods to challenge the G. L. c. 209A order on constitutional grounds.

2. *Conclusion.* In view of our disposition, it is unnecessary to reach the defendant's other arguments.

*Judgment affirmed.*