COMMONWEALTH *vs.* PRENTICE P.,[1] a juvenile.

No. 02-P-258.

Plymouth. February 6, 2003. - April 10, 2003.

Present: RAPOZA, SMITH, & GREEN, JJ.

*Larceny. Motor Vehicle,* Theft. *Evidence,* Consciousness of guilt. *Delinquent Child.*

The evidence at the trial of a juvenile on a charge of larceny of a motor vehicle, disclosing that the juvenile was observed kneeling beside a stolen vehicle; that the vehicle had been "jacked up," with its doors and trunk open, and a tire and crowbar nearby; and that the juvenile tried to flee when confronted by police, was insufficient to show, beyond a reasonable doubt, that the juvenile stole the vehicle. [768-770]

COMPLAINTS received and sworn to in the Brockton Division of the Juvenile Court Department on September 10, 2001.

The cases were heard by *John P. Corbett,* J.

*Karen H. O'Sullivan,* Assistant District Attorney, for the Commonwealth.

*Cathleen E. Campbell* for the juvenile.

SMITH, J. On September 10, 2001, Prentice P., a juvenile,[2] was charged in the Juvenile Court Department, Brockton Division, with larceny of a motor vehicle, malicious damage to a motor vehicle, possession of a burglarious tool, and resisting arrest. On November 28, 2001, the Commonwealth moved to amend the larceny complaint to charge attempted larceny of a motor vehicle. After a hearing, a Juvenile Court judge denied the motion.

The trial was held before a judge, sitting without a jury. At the close of the Commonwealth's case, the juvenile moved for a required finding of not guilty on all the charges; the motion

---

[1]A pseudonym.

[2]The juvenile was sixteen years of age on the date of his arrest.

was denied. The motion was renewed at the close of all the evidence and again denied. The judge found the juvenile not delinquent as to the offenses of malicious damage to a motor vehicle, possession of a burglarious tool, and resisting arrest. The juvenile was found delinquent on the charge of larceny of a motor vehicle.

On appeal, the juvenile challenges the denial of his motion for a required finding of not guilty as to the larceny charge. We summarize the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Galvin*, 56 Mass. App. Ct. 698, 703 (2002).

On September 8, 2001, Mildred Lopez's 1985 grey Nissan Maxima was stolen from in front of her home in Brockton. The last time Lopez saw her vehicle that day it was parked outside her house between 2:00 and 2:30 P.M. The vehicle's keys had been lost a few days earlier and the vehicle had not been used since that time. The doors to the vehicle were unlocked and the key portion of the ignition had been pulled out to enable Lopez to see the serial number so that she could obtain a duplicate key. Despite the condition of the ignition, the vehicle could be started without the use of a key.

At approximately 9:45 P.M., Lopez received a telephone call from a Brockton police officer who told her that her vehicle had been stolen and subsequently located. She went outside her home and saw that her vehicle was no longer there.

Before the telephone call, two police officers in a marked cruiser had been dispatched to a lighted parking lot behind East Junior High School in Brockton. They arrived at approximately 9:30 P.M. One of the officers observed "two males kneeled down next to a vehicle." The juvenile was one of those individuals. The vehicle was "jacked up" and the vehicle doors and trunk were open. The vehicle had a flat tire, and a tire, a spare tire, a jack, and an object that appeared to be a crowbar were near the vehicle. Wires were hanging from the ignition.

As the two officers approached the vehicle, one of the officers "maced" one of the individuals, and the other individual standing near the car — the juvenile — ran to a fence and attempted to climb over it. When that attempt failed, the juvenile tried to hide in some bushes but was seen by one of the officers.

The juvenile testified that he was walking to his grandmother's house with a friend when they saw a car, with its doors open, parked in a lot. He approached the vehicle and, when he was about five feet from it, a police officer flashed a light in his eyes. The juvenile's companion was then "maced" by another police officer. The juvenile ran into some bushes but came out when ordered to by the officer and was subsequently arrested.

The juvenile argues that the evidence considered in the light most favorable to the Commonwealth was insufficient to warrant a rational fact finder, here the judge, to conclude beyond a reasonable doubt that the juvenile had stolen the vehicle. See *Commonwealth* v. *Movilis*, 46 Mass. App. Ct. 574, 575 (1999). Because there was no direct evidence that the juvenile had stolen the vehicle, the Commonwealth relied on circumstantial evidence to prove its case.

While it is beyond dispute that a criminal conviction may be based entirely on circumstantial evidence, see *Commonwealth* v. *Donovan*, 395 Mass. 20, 25 (1985), "[i]f, upon all the evidence, the question of the guilt of the [juvenile] is left to conjecture or surmise and has no solid foundation in established facts, a verdict of guilty cannot stand." *Commonwealth* v. *Salemme*, 395 Mass. 594, 599-600 (1985), quoting from *Commonwealth* v. *Fancy*, 349 Mass. 196, 200 (1965). Here, the juvenile argues that the fact finder would have to engage in impermissible conjecture or surmise to conclude that he stole the motor vehicle. The juvenile relies on a familiar axiom: "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof." *Commonwealth* v. *Latney*, 44 Mass. App. Ct. 423, 425 (1998), quoting from *Commonwealth* v. *Croft*, 345 Mass. 143, 145 (1962). According to the juvenile, "any view of the Commonwealth's evidence, however favorable, still requires a leap of conjecture with respect to essential elements of the crime charged in order to obtain a conviction." *Commonwealth* v. *Latney*, *supra* at 426.

A review of the Commonwealth's evidence discloses that the juvenile was observed kneeling beside a stolen vehicle; the vehicle had been "jacked up"; its doors and trunk were open;

and a tire and a crowbar were nearby.[3] When confronted by the police, the juvenile tried to flee the scene.

The fact, however, that the juvenile was near the stolen motor vehicle does not, by itself, demonstrate that he stole the vehicle. See *Commonwealth* v. *Gilbert*, 423 Mass. 863, 868 (1996) (mere presence at the scene of a crime is insufficient without other evidence). The juvenile's attempt to run from the officers may be considered as consciousness of guilt, but a defendant may not be convicted solely on the basis of consciousness of guilt evidence even when that evidence is coupled with presence. See *Commonwealth* v. *Mazza*, 399 Mass. 395, 398 (1987) (consciousness of guilt evidence coupled with presence at scene of crime insufficient). See also *Commonwealth* v. *Salemme*, 395 Mass. at 601-602.

Finally, the Commonwealth argues, citing *Commonwealth* v. *Latney*, *supra*,[4] that the juvenile's mere possession of the stolen vehicle, by itself, may be relied upon by the fact finder as evidence that he had stolen it. The *Latney* decision does not control this matter. There is no evidence, either direct or circumstantial, that the juvenile was, at any time, in actual or even constructive possession of the stolen vehicle. Compare *id.* at 425.

---

[3]Although there was evidence that the juvenile was kneeling beside the vehicle, there was no evidence that he was kneeling beside the tire that needed to be changed. Further, the juvenile was found not delinquent in regard to possession of a burglarious tool, the crowbar.

[4]In the *Latney* case, the defendant was convicted of breaking and entering in the daytime with the intent to commit a felony and of larceny in a building. *Commonwealth* v. *Latney*, 44 Mass. App. Ct. at 423. The defendant was arrested approximately 200 yards from a house that had been burglarized. At the time of his arrest, the defendant was pushing a lawnmower that had a plastic bag containing twenty-one unopened cans of cold beer on top of it. The beer was identical to beer that had been stored in a refrigerator inside the house that was the subject of the burglary. Pieces of jewelry that matched jewelry taken from the home were found on the defendant. *Id.* at 423-424.

The defendant argued that while the evidence showed that he was in possession of property taken from the house, the jury would have to engage in impermissible conjecture and surmise in order to conclude that he had engaged in breaking and entering the dwelling and stolen the beer and the jewelry. *Id.* at 425.

The court rejected the defendant's argument and ruled, among other things, that "the defendant's mere possession of recently stolen property may be relied upon by the jury as evidence that he had stolen it." *Id.* at 425.

Therefore, on this record the Commonwealth's proof was insufficient to show, beyond a reasonable doubt, that the juvenile stole the motor vehicle.

We reverse the adjudication of delinquency on the charge of larceny of a motor vehicle, set aside the finding, and order entry of an adjudication of not delinquent.

*So ordered.*