NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-178

COMMONWEALTH

vs.

MATTHEW W. ZAJAC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Matthew W. Zajac, appeals from a conviction, after a jury-waived trial in the District Court, of operating a motor vehicle while under the influence of alcohol, second offense, G. L. c. 90, § 24 (1) (a) (1). Concluding that the judge could reasonably find that the defendant, alone and intoxicated in a running motor vehicle in a driveway in Wrentham and who stated that he was going from a restaurant bar in Franklin to his parents' home, drove the vehicle there while intoxicated, we affirm.

"When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and

determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019), quoting Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Sabin, 104 Mass. App. Ct. 303, 305 (2024), quoting Commonwealth v. Howe, 103 Mass. App. Ct. 354, 357 (2023).

For the crime of operating a motor vehicle while under the influence of alcohol, "the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol." Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017). Here, there was abundant evidence that West Street was a public way. The officer personally observed the defendant's operating the motor vehicle in the driveway. There was abundant evidence that the defendant was intoxicated. The question is whether there was sufficient evidence that the defendant had been operating the motor vehicle on West Street while intoxicated.

Where, as here, no one saw the defendant driving on the public way and the defendant did not explicitly admit to doing so, "[p]roof of operation of a motor vehicle may 'rest entirely

2

on circumstantial evidence.'" Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52 (2006), quoting Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438 (2002). Such circumstantial evidence was presented in this case.

The defendant was the sole occupant of the motor vehicle. See Commonwealth v. Proia, 98 Mass. App. Ct. 125, 128 (2020) (defendant "located outside a nearby tavern" close to accident site); Commonwealth v. Congdon, 68 Mass. App. Ct. 782, 782-784 (2007) (defendant was walking toward disabled vehicle from short distance away). The officer ran the license plate, and the defendant appeared to be the registered owner of the motor vehicle. See Petersen, 67 Mass. App. Ct. at 52 (defendant "was the registered owner of the car, lived in the neighborhood, and appeared at the scene shortly after the police arrived, acknowledging that he came to pick up his car"). Cf. Commonwealth v. Puac-Cuc, 97 Mass. App. Ct. 590, 592 (2020), quoting Commonwealth v. Deramo, 436 Mass. 40, 43 (2002) ("the police may, in the absence of any contrary evidence, reasonably conclude that a vehicle is likely being driven by its registered owner").

Tellingly, the defendant informed the officer that he had come from a restaurant bar in Franklin where he had consumed alcohol and stated that he was going to his parents' home, so

that the motor vehicle must have been driven to Wrentham and was going to be driven further.  There was no evidence that any other person had transported the defendant that evening or even had been with the defendant that evening.  See Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 410 (2023), quoting Commonwealth v. Adams, 421 Mass. 289, 292 (1995) ("no 'evidence tending to suggest that someone other than the defendant was operating' the vehicle").

It may be possible, as the defendant argues, that someone else drove the defendant from Franklin to a driveway in Wrentham, left him there covered in vomit, and intended to return at some point to drive him to his parents' home.  That, however, was neither a required inference nor a particularly compelling one.[1]  Moreover, "to indulge this argument, we would have to view the evidence in the light least favorable to the Commonwealth, which, of course, we cannot do." Commonwealth v. Arias, 78 Mass. App. Ct. 429, 435 (2010).  Cf. Commonwealth v. James, 30 Mass. App. Ct. 490, 491 n.2 (1991) (error to "view[] the evidence in the light least favorable to the Commonwealth").

---

[1] Even less compelling is the defendant's suggestion that he drove to Wrentham sober and then drank enough alcohol to become intoxicated while in the driveway.  The defendant told the officer that he was parked in the driveway in Wrentham because he thought it was his parents' house.  The judge could reasonably reject the proposition that a sober defendant did not recognize his parents' house or the town he was in.

The judge reasonably found that the defendant drove the motor vehicle on West Street while intoxicated. See Commonwealth v. Beltrandi, 89 Mass. App. Ct. 196, 202 (2016), quoting Commonwealth v. Latney, 44 Mass. App. Ct. 423, 426 (1998) (given presented evidence, trier of fact "not required to make a 'leap of conjecture' to infer the defendant was the operator of the vehicle").

Judgment affirmed.

By the Court (Meade, Ditkoff & Toone, JJ.[2]),

*Paul Little*

Clerk

Entered: December 2, 2025.

---

[2] The panelists are listed in order of seniority.