COMMONWEALTH *vs.* PEDRO ALMEIDA. January, 3, 1980. The only question which need be considered on this appeal is whether the trial judge erred in denying the defendant's motion for a directed verdict which was presented at the close of the evidence offered by the Commonwealth (see *Commonwealth* v. *Kelley*, 370 Mass. 147, 149-150 [1976]; *Commonwealth* v. *Clark*, 378 Mass. 392, 403 [1979]) in support of a complaint which was clearly framed under one of the "carries on his person" provisions of G. L. c. 269, § 10(*a*) (as appearing in St. 1975, c. 113, § 2), rather than under the separate and distinct (*Commonwealth* v. *Rider*, 8 Mass. App. Ct. 775, 777-778 [1979]) "carries . . . under his control in a vehicle" provision of § 10(*a*) (as to which see *Commonwealth* v. *Albano*, 373 Mass. 132, 134-136 [1977]). The gun was found inside the closed console which divided the front seat of a borrowed car which was being operated by the defendant at the time the police asked him for his license and the motor vehicle registration; but on all the evidence the jury could only speculate whether the defendant had placed the gun in the console or whether the gun had been left there by the owner of the car. See *Commonwealth* v. *Croft*, 345 Mass. 143, 145 (1962); *Commonwealth* v. *Eramo*, 377 Mass. 912, 913 (1979). In short, there was no evidence that the defendant ever had the gun "on his person." This is not a case of an immaterial variance between the allegations of an indictment or complaint and the proof offered in support thereof which can be excused under G. L. c. 277, § 35; it is a case of failure to prove the only offence charged. See *Commonwealth* v. *Armenia*, 4 Mass. App. Ct. 33, 36 (1976), and cases cited. The Commonwealth's reliance on *Commonwealth* v. *Moscatiello*, 257 Mass. 260 (1926), is misplaced. The question in that case was whether the defendant had waived the point that the complaint was defective and subject to

a motion to dismiss; no such question exists in the present case because there is no defect in the complaint. Indeed, the docket discloses that a motion to dismiss for failure to state a crime was heard and denied. The notion that a directed verdict was precluded by the decision in *Commonwealth* v. *Almeida*, 373 Mass. 266 (1977), is frivolous. The judgment is reversed; the verdict of the jury is set aside, and judgment is to be entered for the defendant.

*So ordered.*

*Roger Geller* for the defendant.
*Brian J. Dobie*, Assistant District Attorney, for the Commonwealth.