COMMONWEALTH *vs.* VICTOR COLLARDO.  April 6, 1982.  The defendant was convicted after a jury-waived trial of use of a motor vehicle without authority and possession of burglarious instruments.  The defendant now appeals only from the denial of his motion for a required finding of not guilty on the indictment charging possession of burglarious instruments.  That indictment charged that the defendant "did knowingly have in his possession, certain tools and implements adapted and designed for cutting through, forcing and breaking open buildings, rooms, safes and other depositories in order to steal therefrom such money or other property as might be found therein, or to commit any other crime . . . ."  The indictment paraphrased a portion of the language contained in G. L. c. 266, § 49, as appearing in St. 1966, c. 269, § 1, the statute which prohibits the possession of certain burglarious instruments.  The Commonwealth presented the following evidence in support of the indictment.  During the evening of January 20, 1978, Springfield police officers Bryant and Reed observed the defendant sitting in the driver's seat of a 1964 Oldsmobile which had been reported stolen.  The owner of the automobile had seen the car approximately thirty minutes earlier, as it was being driven away from a parking spot in front of her apartment, where she had left it unlocked.  When the police approached the defendant, a blue key, one of many keys attached to a key ring, was in the ignition of the Oldsmobile.  After a few questions, the officers arrested the defendant for use of the motor vehicle without authority.  While Officer Bryant advised the defendant of his rights, Officer Reed entered the Oldsmobile, turned the key in the ignition and started the engine.  All the keys on the ring were then seized.  At some later point, Officer Bryant took the key ring and, with a key other than the one which started the Oldsmobile, started his own 1967 Chevrolet.  All the keys on the ring were admitted at trial.  The owner of the Oldsmobile testified that she owned two sets of keys to the car, both of which she had in her possession when the car was taken.  The Commonwealth presented no evidence to indicate that the defendant planned to steal any money or property from the car.  At the close of the evidence offered by the Commonwealth (see *Commonwealth* v. *Kelley*, 370 Mass. 147, 149-150 [1976]; *Commonwealth* v. *Almeida*, 9 Mass. App. Ct. 813 [1980]), the defendant moved for a required finding of not guilty on the burglarious instruments charge.  The judge denied this motion.  We hold that because the evidence does not support a finding that the defendant possessed burglarious instruments of the character described in the indictment, the judge should have allowed the defendant's motion for a required finding of not guilty.

1. The Commonwealth argues, as a preliminary matter, that the issue which the defendant raises on appeal is not properly before us because it was not argued below.  Our review of the transcript shows that the question whether the Commonwealth presented sufficient evidence of each element of the crime charged, see *Commonwealth* v. *Latimore*, 378 Mass.

671, 677-678 (1979), was squarely presented to the trial judge and is properly raised on appeal.

2. As originally inserted, G. L. c. 266, § 49, simply prohibited the knowing possession of tools and implements which were adapted and designed for cutting through, forcing or breaking open a depository, where such possession was accompanied by the requisite criminal intent. See *Commonwealth* v. *Tilley*, 306 Mass. 412, 414 (1940). The statute was amended in 1966 to prohibit additionally one from knowingly possessing "a master key designed to fit more than one motor vehicle, with intent, to use or employ the same to steal a motor vehicle or other property therefrom . . . ." By differentiating between master keys for automobiles and other types of instruments described in the original statute, the Legislature in effect changed the prior case law, see *Commonwealth* v. *Tilley*, 306 Mass. 412 (1940), which had characterized master keys as burglarious instruments "adapted and designed for cutting through, forcing or breaking open" a depository. In light of the amendment, before a defendant who allegedly possessed an automobile master key can be convicted under G. L. c. 266, § 49, it is now necessary that he be specifically charged in the indictment with the unlawful possession of master keys pursuant to the amended version of the statute; it is no longer sufficient merely to charge a defendant in that situation with possessing the type of burglarious instruments described in the original statute. Contrast *Commonwealth* v. *Tilley*, 306 Mass. 412 (1940).

The evidence presented by the Commonwealth in the instant case pointed towards the defendant's possession of certain implements which, if burglarious instruments at all, would clearly fall in the category of master keys. However, the indictment was drawn in the terms of the statute relating to burglarious instruments in general; no mention of the possession of master keys was made in the indictment. Having limited the scope of the indictment to possession of "certain tools and implements adapted and designed for cutting through, forcing and breaking open" a depository, the Commonwealth was prevented from obtaining a conviction based on evidence which pointed only to the fact that the defendant possessed master keys. See *Commonwealth* v. *Wentworth*, 146 Mass. 36, 38 (1888) (holding that a directed verdict should have been granted where "[t]he evidence recited in the exceptions tended to prove an offence under the last clause of the section, if it tended to prove any offence, while the indictment is under the second clause of the section"). "It is elementary in the criminal law of this Commonwealth that '[t]he offence must not only be proved as charged, but it must be charged as proved." *Commonwealth* v. *Ancillo*, 350 Mass. 427, 430 (1966), quoting from *Commonwealth* v. *Blood*, 4 Gray 31, 33 (1855). See Smith, Criminal Practice and Procedure § 360, at 192 (1970). See also *Commonwealth* v. *Armenia*, 4 Mass. App. Ct. 33, 38 (1976); *Commonwealth* v. *Johnson*, 7 Mass. App. Ct. 191, 195 (1979). This case does not present "an immaterial variance

between the allegations of an indictment . . . and the proof offered in support thereof which can be excused under G. L. c. 277, § 35; it is a case of failure to prove the only offence charged." *Commonwealth* v. *Almeida*, 9 Mass. App. Ct. 813 (1980).

Because the evidence offered by the Commonwealth did not go towards proving the crime as charged, the defendant was entitled to a required finding of not guilty. In so holding, we need not decide whether the evidence presented by the Commonwealth was sufficient to show that the keys in the defendant's possession were in fact master keys. Nor is it necessary to reach the question whether an automobile (or its ignition) may be considered a "depository" for purposes of G. L. c. 266, § 49. See *Commonwealth* v. *Armenia*, 4 Mass. App. Ct. at 38.

The judgment of conviction on indictment no. 78-2114 is reversed. The finding on that indictment is set aside, and judgment is to be entered for the defendant on that indictment.

*So ordered.*

*Patricia A. O'Neill* for the defendant.
*Kevin M. Flynn*, Assistant District Attorney, for the Commonwealth.