COMMONWEALTH *vs.* PEDRO PAGAN.

No. 04-P-1102.

Suffolk. March 16, 2005. - June 29, 2005.

Present: GREENBERG, COWIN, & GREEN, JJ.

*Firearms. Search and Seizure,* Protective frisk, Reasonable suspicion. *Resisting Arrest.*

A Superior Court judge properly denied a pretrial motion to suppress evidence brought by a criminal defendant charged with unlawful possession of a firearm, unlawful possession of ammunition, and resisting arrest, where there was a reasonable basis, grounded on safety concerns, to justify a police officer's threshold inquiry of the defendant, as well as a pat-down frisk and subsequent search of the defendant's waistband. [782-783]

At the trial of indictments charging, inter alia, resisting arrest, the judge erroneously denied the defendant's motion for a required finding of not guilty where there was insufficient evidence that an arrest took place. [783-784]

INDICTMENTS found and returned in the Superior Court Department on June 4, 2002.

A pretrial motion to suppress evidence was heard by *Regina L. Quinlan,* J., and the case was heard by *Charles T. Spurlock,* J.

*Dana Alan Curhan* (*John J. Connell* with him) for the defendant.

*Paul B. Linn,* Assistant District Attorney, for the Commonwealth.

GREENBERG, J. On June 4, 2002, a Suffolk County grand jury returned a three-count indictment charging the defendant with unlawful possession of a firearm (G. L. c. 269, § 10[*a*]), unlawful possession of ammunition (G. L. c. 269, § 10[*h*]), and resisting arrest (G. L. c. 268, § 32B).

Prior to trial, the defendant filed a motion to suppress the firearm and other evidence on the ground that, at the time they stopped him, the police officers did not have reasonable suspicion to believe he was engaging in criminal activity. A

Superior Court judge (motion judge) denied that motion after a hearing.

A bench trial was then held before a different Superior Court judge (trial judge) who, on stipulated facts, found the defendant guilty of all three charges. The defendant was sentenced to three concurrent terms of one year in the Suffolk County house of correction.

On appeal, the defendant claims that the motion judge erred in failing to suppress the firearm and other evidence and that the evidence at trial was insufficient to convict him of resisting arrest. We affirm the firearm and ammunition convictions, and reverse the resisting arrest conviction.

1. *The facts.* According to the motion judge's findings, the weapon and ammunition were discovered under the following circumstances:

> "On February 1, 2002[,] at approximately 8:30 P.M., Boston Police Detective Al Charbonnier, together with Sgt. Myrna and Sgt. Gerard Bailey, were just driving around the Columbia Road/Brunswick Street area. The officers were in plain clothes and their vehicle was unmarked. The officers were assigned to an anti-crime unit. The area is one known to officers as an area where there has been activity between rival gangs. Police had received an unspecified number of complaints of firearm related incidents in the area.

> "While driving on Columbia Road in the direction of Franklin Park, the officers observed a car double parked on Columbia Road outside a pizza shop. The pizza shop was open. It was not uncommon for cars to double park outside the shop. The car was blocking one lane of traffic. The passenger door was open. Two men were standing near the car. Det. Charbonnier stopped beside the double parked car, blocking another lane of traffic. The detective made eye contact with the men, one of whom threw something into the car.

> "According to Det. Charbonnier[, he] and his two partners got out of their vehicle and approached the two men to inquire about the double parked car and the object

which had been thrown into the car. According to Sgt. Bailey, the three officers decided to approach [the] two men not because of the double parked car but because of the fact one of the men threw something inside the car. Sgt. Myrna approached the man who had thrown the object into the car, Aninbal Figueroa, while Det. Charbonnier and Sgt. Bailey approached the second man, later identified as the defendant Pedro Pagan. The defendant had "a look of panic" on his face. The defendant then turned and started to walk away. As he did so, Det. Charbonnier saw the defendant reach towards his waist. Det. Charbonnier, fearing that the defendant had a gun in his waistband, called out "firearm" and grabbed the defendant around his waist, placing his hand over the defendant's. After a brief struggle the firearm was seized and the defendant arrested. Figueroa was questioned but not arrested." (Footnotes omitted.)

2. *The patfrisk.* The defendant contends that there was insufficient justification for the officers to initiate a threshold inquiry and that the pat-down frisk leading to the search of the defendant's waistband was not justified by the circumstances. We disagree.

We first note that the police officers did not impinge on the defendant's rights by simply alighting from the police cruiser and approaching him. See *Commonwealth* v. *Thinh Van Cao,* 419 Mass. 383, 387-388, cert. denied, 515 U.S. 1146 (1995) (approaching defendant and asking him to identify himself not seizure because reasonable person would have felt free to terminate encounter); *Commonwealth* v. *Thomas,* 429 Mass. 403, 406-407 (1999) (same). This is true regardless of whether the police officers possessed reasonable suspicion and were approaching to confirm information that would yield probable cause. See *Commonwealth* v. *Thomas,* 429 Mass. at 404-407; *Commonwealth* v. *Barros,* 49 Mass. App. Ct. 613, 614-618 (1999), *S.C.,* 435 Mass. 171 (2001).

The defendant, however, contends that the circumstances did not justify a protective patfrisk during the encounter because Charbonnier had no objectively reasonable basis for believing that the defendant was armed, citing *Commonwealth* v. *Williams,* 46 Mass. App. Ct. 181, 182-183 (1999).

We disagree. Strange, furtive, or suspicious behavior or move-

ments can infuse otherwise innocent activity with an incriminating aspect. See *Commonwealth* v. *Anderson*, 366 Mass. 394, 399-400 (1974); *Commonwealth* v. *Grinkley*, 44 Mass. App. Ct. 62, 71 & n.11 (1997). The motion judge found, correctly so, that the defendant's reaching for his waistband at the same time he walked away — presumably with his back to Charbonnier — justified the officer's belief that his safety and that of the other officers was at risk. We need not reprise all of the cases that describe similar circumstances. What the Supreme Judicial Court said in *Commonwealth* v. *Silva*, 366 Mass. 402, 407-411 (1974), details the permissible scope of the pat-down search that was undertaken by Charbonnier. We need only point out that whether a gesture is furtive (and indicative of criminal activity or danger to police officers) or innocent depends on the factual context. When, as the officers approached the defendant, Charbonnier saw the defendant put his hand on his waistband, Charbonnier became reasonably apprehensive that the defendant might be drawing or concealing a weapon. Charbonnier could take into account the inordinate risk confronting an officer as he approaches a person in a high crime area who has thrown something into a vehicle and avoided the officer's gaze. See *Commonwealth* v. *Almeida*, 373 Mass. 266, 271-272 (1977), *S.C.*, 381 Mass. 420 (1980) (man sitting in motor vehicle in private parking area with engine running and headlight off); *Commonwealth* v. *Thompson*, 427 Mass. 729, 734, cert. denied, 525 U.S. 1008 (1998) (motor vehicle double-parked with engine running in front of narcotics location). As was stated in *Commonwealth* v. *Gonsalves*, 429 Mass. 658, 664 (1999), "[I]t does not take much for a police officer to establish a reasonable basis to justify . . . [a] search based on safety concerns."

The motion to suppress was therefore properly denied.

3. *The resisting arrest conviction.* The defendant contends that his motion for a required finding of not guilty should have been allowed because there was insufficient evidence that an arrest took place. He poses an alternative argument that the evidence failed to establish that the defendant knew that the police officers, clad in plainclothes, were, in fact, police officers. Contrast *Commonwealth* v. *Gomes*, 59 Mass. App. Ct. 332, 335

(2003) (uniformed officers identified themselves as police officers).

We need not pass upon the latter contention because we agree with the defendant's primary argument. General Laws c. 268, § 32B, inserted by St. 1995, c. 276, provides that "[a] person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor or another . . . ." The sweep of the statute applies only when police officers have attempted to seize or detain a person "with the intention to effect an arrest." *Commonwealth* v. *Grandison*, 433 Mass. 135, 145 (2001), quoting from *Commonwealth* v. *Cook*, 419 Mass. 192, 198 (1994). See *Commonwealth* v. *Smith*, 55 Mass. App. Ct. 569, 574 (2002) ("A stop for purposes of making a threshold inquiry is not an arrest"). Other jurisdictions are in accord. See *State* v. *Raines*, 124 Ohio App. 3d 430, 432 (1997); *Smith* v. *State*, 739 S.W.2d 848, 851 (Tex. Crim. App. 1987).

Here, the Commonwealth's evidence, considered in its best light, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979), failed to establish that Charbonnier was effectuating an arrest when he made physical contact with the defendant. Rather, Charbonnier was in the process of restraining the defendant in order to conduct a protective patfrisk. Therefore it was error to deny the motion for a required finding of not guilty on the resisting arrest charge.

The judgments of conviction on the unlawful possession of a firearm charge and the unlawful possession of ammunition charge are affirmed. The judgment of conviction on the resisting arrest charge is reversed, the verdict is set aside, and judgment shall enter for the defendant.

*So ordered.*