NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1914                                          Appeals Court

COMMONWEALTH  vs.  ALBERT LOVERING.

No. 14-P-1914.

Middlesex.     December 4, 2015. - February 17, 2016.

Present:  Cypher, Wolohojian, & Carhart, JJ.


Firearms.  Evidence, Constructive possession.  Abuse Prevention.
     Practice, Criminal, Required finding.



     Complaint received and sworn to in the Waltham Division of
the District Court Department on October 11, 2011.

     The case was tried before Gregory C. Flynn, J.


     Kimberly M. Peterson for the defendant.
     Michael Shiposh, Special Assistant District Attorney, for
the Commonwealth.


     WOLOHOJIAN, J.  The question presented is whether there was

sufficient evidence to prove beyond a reasonable doubt that the

defendant had constructive possession of a firearm on the

specific date of September 11, 2011.  We agree with the

defendant that the evidence was insufficient to prove that he

constructively possessed the gun on the date charged in the

complaint.  We accordingly reverse his conviction of possessing a firearm without a firearm identification card, G. L. c. 269, § 10(h).  However, because the evidence was sufficient to prove that the defendant owned the gun, we affirm his convictions of violating the gun storage statute, G. L. c. 140, § 131L, and of violating an abuse prevention order by failing to surrender the gun, G. L. c. 209A, § 7.[1]

We review the denial of a motion for a required finding of not guilty by asking whether any rational fact finder, when viewing the evidence in the light most favorable to the Commonwealth, could find all material elements of the offense beyond a reasonable doubt.  See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  "Circumstantial evidence is competent to establish guilt beyond a reasonable doubt."  Commonwealth v. Merola, 405 Mass. 529, 533 (1989).  However, "[i]t is not enough for the appellate court to find that there was some record evidence, however slight, to support each essential element of the offense.  Nor may a conviction rest upon the piling of inference upon inference or conjecture and speculation."  Commonwealth v. Armand, 411 Mass. 167, 170 (1991) (citation and quotation omitted).

---

[1] The defendant was sentenced to concurrent terms of six months in the house of corrections on each charge.

Taken in the light most favorable to the Commonwealth, the evidence showed the following. The defendant's wife found a loaded Walther PPK handgun (gun) on September 11, 2011, while dusting the apartment she had shared with the defendant for approximately twelve years.[2] The gun was in a leather pouch which was, in turn, contained in an old wooden box among the defendant's other personal belongings on the floor of the living room. The gun was of a sort issued by the Nazi government; the defendant collected Nazi memorabilia.

Almost one month earlier, on August 18, 2011, the wife had obtained an abuse prevention order requiring the defendant to stay away from the apartment and allowing him to return to pick up his belongings only with a police escort. It was uncontroverted at trial that the defendant had not returned to the apartment since the order was entered.[3] The Commonwealth

---

[2] The defendant did not allow the wife to clean the apartment, saying that he did not want her to break his things. If the wife went near the defendant's possessions, he would not talk to her for several days.

[3] Given the terms of the protective order, his presence in the apartment without a police escort would have constituted criminal trespass. See Commonwealth v. Gordon, 407 Mass. 340, 347 (1990).

introduced no evidence as to the defendant's whereabouts on September 11.[4]

The defendant was charged with possessing a firearm without a firearm identification card, G. L. c. 269, § 10(h), on September 11, 2011 (the date of its discovery). Because the defendant did not have actual possession of the gun on that date, the Commonwealth proceeded on a theory of constructive possession. "To permit a finding of constructive possession there must be evidence sufficient to infer that the defendant not only had knowledge of the item[], but had the ability and intention to exercise dominion and control over [it]." Commonwealth v. Frongillo, 66 Mass. App. Ct. 677, 680 (2006).

The evidence was sufficient to allow the jury to find that defendant had knowledge of the firearm,[5] but not that he had the ability to exercise dominion and control over it on the date charged. Although the gun was found among the defendant's personal effects, he no longer lived in the apartment. See

---

[4] The defendant has represented to us on appeal that he was incarcerated on September 11. We do not rest our decision on this basis since the information is not in the record.

[5] Evidence that the firearm was found underneath the defendant's belongings, that it was of Nazi vintage, and that defendant collected Nazi memorabilia provided the jury a sufficient basis to infer that the defendant had knowledge of the firearm on September 11, 2011. See Frongillo, supra at 681-682 (sufficient evidence to infer knowledge of firearms found in a closet containing men's clothing in an apartment where defendant spent a great deal of time).

Commonwealth v. Boria, 440 Mass. 416, 420 (2003) (where dwelling is shared by defendant and one or more other persons "[c]ontraband found in proximity to a defendant's personal effects may provide a link between a defendant and the contraband"). Moreover, the defendant had not been in proximity of the gun for almost a month, there was no evidence as to when (if ever) he might return to the apartment, and there was no evidence that he was anywhere near the gun on September 11. See Commonwealth v. Duffy, 4 Mass. App. Ct. 655, 660 (1976); Commonwealth v. Booker, 31 Mass. App. Ct. 435, 438 (1991); Commonwealth v. Delarosa, 50 Mass. App. Ct. 623, 628 (2000) (each noting that the defendant's absence at the time contraband was discovered and each concluding that there was insufficient evidence of constructive possession).

Even though, as discussed above, there was insufficient evidence to support a finding that the defendant constructively possessed the firearm on September 11, there was sufficient evidence to infer that the defendant owned the firearm on that date: the wife told the responding officer that "it was her husband's [firearm]," the gun was located among the defendant's other possessions in the apartment he had lived in for twelve years, and the defendant collected Nazi memorabilia like the Nazi-issued firearm in this case.

As a result, there was sufficient evidence that the defendant violated the gun storage statute, which imposes liability on owners of firearms, not only those having actual or constructive possession.[6]  Under the gun storage statute, it is "unlawful to store or keep any firearm . . . in any place unless such weapon is secured in a locked container or equipped with a tamper-resistant mechanical lock or other safety device, properly engaged so as to render such weapon inoperable by any person other than the owner or other lawfully authorized user." G. L. c. 140, § 131L.  The statute "applies to weapons when they are neither carried nor under the control of their owner or other authorized user."  Commonwealth v. Patterson, 79 Mass. App. Ct. 316, 318 (2011).

For the same reason, there was sufficient evidence that the defendant violated an abuse prevention order by failing "to surrender all firearms, rifles, shotguns, machine guns and ammunition which he then controls, owns or possesses."  G. L. c. 209A, § 3B.

We therefore affirm the judgments on the charges of violating the gun storage statute and of violating an abuse prevention order.  On the charge of possessing a firearm without a firearm identification card, the judgment is reversed, the

---

[6] The defendant does not contend the gun was properly stored.

verdict is set aside, and a new judgment shall enter for the defendant.

<u>So ordered</u>.
