The issue presented is whether there was sufficient evidence to find the juvenile delinquent by reason of carrying a firearm without a license in violation of G. L. c. 269 § 10(a ), based on a theory of constructive possession. We conclude there was not, and thus the judge erred in denying the juvenile's motion for a required finding of not delinquent. We therefore reverse the adjudication of delinquency.
We review the juvenile's claim of insufficient evidence under the familiar standard of Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), looking at the evidence in a light most favorable to the Commonwealth. It is undisputed that the juvenile was a back seat passenger in a motor vehicle in which officers of the Webster police department located a firearm. The firearm was located underneath the driver's seat when an officer "kneeled down, looking underneath the [driver's seat]." Another officer entered the door behind the driver's seat and "went underneath the driver's seat to retrieve" the firearm. The juvenile was seated behind the driver.
It is well established that mere presence "in the vicinity of a firearm even if one knows it is there does not amount to [constructive possession]." Commonwealth v. Than, 442 Mass. 748, 754 (2004). Here, the Commonwealth offered more. Taking the evidence in the light most favorable to the Commonwealth, the evidence ruled out the driver, the registered owner of the vehicle (the driver's father), and the front seat passenger as people who could or did place the firearm underneath the driver's seat. Nonetheless, at the close of the Commonwealth's case, there was insufficient evidence that the juvenile knew the firearm was in the motor vehicle or that he was the person who brought the firearm into the car.
There was no testimony that the firearm would have been visible to the defendant from his position in the back seat. The photographs of the firearm entered in evidence confirm that it was underneath the seat. There were no identifiable fingerprints recovered from the firearm. There was no evidence that the juvenile made any furtive gestures from which the jury could infer the defendant placed the firearm under the seat. Contrast Commonwealth v. Cotto, 69 Mass. App. Ct. 589, 592-593 (2007) (defendant's furtive movements were contributing factor in determination of constructive possession of firearm). To the contrary, when the officer instructed the occupants of the motor vehicle to stop moving, the juvenile did not immediately comply because he "had his [cellular telephone] up, and it appeared that he was texting."
The driver of the car testified that when she picked up the juvenile to drive him from Worcester to Webster, he had "nothing with him." Once in Webster, the juvenile told the driver to "go by" Taco Bell so he could "grab something," and was gone for three or four songs, or about fifteen minutes while the driver and front seat passenger remained in the vehicle. There was no evidence that the juvenile was carrying anything when he reentered the vehicle. The driver then drove to a Walgreen's store in Webster. The driver further testified that she did not recall seeing the juvenile "do anything" during the ride, though her primary focus was on driving. After the driver saw the police vehicle, she did not recall hearing the juvenile say or do anything.
We are unpersuaded that the juvenile's stop at Taco Bell to "grab something" supported a determination beyond a reasonable doubt that the "something" he grabbed was a firearm, particularly when there was no evidence that he carried something into the vehicle. See Commonwealth v. Almeida, 381 Mass. 420, 422-423 (1980) (wallet placed by defendant driver of motor vehicle in closed console with firearm inside does not support inference of knowledge of firearm); Commonwealth v. Swafford, 441 Mass. 329, 340-342 (2004) (recognizing logic that owner of automobile is likely to be driver but holding that it cannot support Commonwealth's conclusion beyond reasonable doubt that he was, because it is not unusual for automobile owners to permit friends or associates to drive their automobiles); Commonwealth v. Darnell D., 445 Mass. 670, 673 (2005) (evidence that juvenile told police officer that he was coming from his aunt's house does not permit inference that when police saw him in motor vehicle immediately before that, he was directing driver of vehicle to that location). Moreover, there was no testimony about how often the driver transported others in the vehicle or when she last looked under the driver's seat.
In short, viewed in the light most favorable to the Commonwealth, the evidence required the jury to speculate that the juvenile possessed the firearm. See Commonwealth v. Snow, 76 Mass. App. Ct. 116, 122 (2010), quoting from Almeida, supra at 420 ("The evidence was insufficient 'to warrant a reasonable inference of personal knowledge of the presence of the gun,' and the conviction cannot stand"). We therefore reverse the adjudication of delinquency, set aside the verdict, and judgment shall enter for the juvenile.[2]
So ordered.
Reversed.

In light of this conclusion, we need not address whether the Commonwealth's closing argument was improper.