Following a jury trial in the Suffolk Superior Court, the defendant, Jamir Castillo, was convicted of one count conspiracy to traffic heroin and one count conspiracy to traffic cocaine, both in violation of G. L. c. 94C, § 40. The defendant appeals from the denial of his motion to suppress evidence and the denial of his motion for a finding of not guilty notwithstanding the verdict. We affirm.
Background. "We summarize the facts as found by the judge, supplemented by uncontroverted facts from the record of the hearing[s] [and trial]." Commonwealth v. Cruz, 459 Mass. 459, 461 (2011), citing Commonwealth v. Isaiah I., 448 Mass. 334, 337 (2007). On June 14, 2014, Massachusetts State Police Officers Joseph Gray and Christopher Fantasia pulled the defendant's vehicle over for a civil vehicle infraction. The vehicle's rear license plate was affixed to the vehicle with only one screw and dangling vertically. Officer Fantasia approached the vehicle on the passenger side and Officer Gray approached on the driver's side. Upon reaching the vehicle, Officer Fantasia observed the passenger, Ivan Castillo (the defendant's cousin), move his hands at least twice, reaching into his right pocket to "remove a plastic bag, ... and try to place it into the door pocket." Officer Fantasia's initial thought was that the passenger may have been reaching for a weapon. The officer then saw the plastic bag and "assumed the passenger was trying to place narcotics in the door pocket." Officer Fantasia alerted Officer Gray to the passenger's movements. With both officers now on the passenger side of the vehicle, Officer Fantasia opened the door and immediately saw a plastic bag containing a white substance placed in the pocket of the passenger door. Based on his training and experience, Officer Gray suspected the white substance was cocaine, which was later confirmed.[3] Both the passenger and the defendant were ordered to exit the vehicle.
The officers thereafter found two bags of heroin under the passenger seat,[4] a "grinder" and "small digital scale" in the center console, and approximately $1,820 on the passenger's person. During an inventory search of the vehicle, a drug sniffing dog alerted police to a removable stereo, which provided an approximate one or two inch space to hide narcotics.
Discussion. 1. Motion to suppress. The defendant maintains that the judge erred in denying the defendant's motion to suppress evidence because the officers did not have a legal basis to stop the defendant's vehicle. The defendant further argues that, even if the initial stop was warranted, the officers' subsequent conduct exceeded the permissible scope of a routine traffic stop. We disagree.
"In reviewing the denial of a motion to suppress, we accept the motion judge's subsidiary findings of fact absent clear error, and conduct an independent review of the judge's ultimate findings and conclusions of law." Commonwealth v. Stephens, 451 Mass. 370, 381 (2008).
a. The initial stop. We agree with the judge here that the officers' stop of the defendant's vehicle was legally valid. "Where the police have observed a traffic violation, they are warranted in stopping a vehicle." Commonwealth v. Bacon, 381 Mass. 642, 644 (1980). Here, the officers were warranted in believing that the defendant had committed a civil vehicle infraction by failing to conspicuously display his registration plate, in violation of G. L. c. 90, § 6, as amended through St. 1968, c. 293.[5] The position of the vehicle's license plate required Officer Gray to tilt his head for a period of time in order to read the license plate numbers. Such a positioning, as the judge found, "made it very difficult to read from a moving vehicle or read as the vehicle was moving," thus violating a requirement of G. L. c. 90, § 6, that the license plate numbers be "plainly visible," "legible," and not "obscured in any manner."
b. The exit order and subsequent acts. The defendant next challenges the officer's exit order as unconstitutional. "There are three scenarios in which an exit order issued to a passenger in a validly stopped vehicle is justified. First, an exit order is justified if 'a reasonably prudent man in the policeman's position would be warranted in the belief that the safety of the police or that of other persons was in danger.' Second, the officers could have developed reasonable suspicion (based on articulable facts) that the defendant was engaged in criminal activity separate from any offense of the driver. Third, the officers could have ordered the defendant out of the car for pragmatic reasons, e.g., to facilitate an independently permissible warrantless search of the car under the automobile exception to the warrant requirement." Commonwealth v. Cruz, 459 Mass. at 466-467 (citations omitted). Here, the facts, viewed objectively, supported the officers' reasonable belief that their safety was in danger. The facts also support the officers' reasonable suspicion that criminal behavior was afoot and subject to further police investigation.
The defendant argues that Officer Fantasia's belief that the passenger was reaching for a weapon or trying to conceal illegal drugs was merely a "hunch," and, thus legally insufficient to constitute reasonable suspicion of illegal activity. This argument is not persuasive. Whether Officer Fantasia continued to believe that the passenger was reaching for a weapon or attempting to secrete contraband in the passenger side door, he had a reasonable belief to fear for his safety, as well as reasonable suspicion that the defendant and passenger were engaged in criminal activity. "[I]t does not take much for a police officer to establish a reasonable basis to justify an exit order ... based on safety concerns." Commonwealth v. Gonsalves, 429 Mass. 658, 664 (1999). "Strange, furtive, or suspicious behavior or movements can infuse otherwise innocent activity with an incriminating aspect." Commonwealth v. Pagan, 63 Mass. App. Ct. 780, 782-783 (2005). "We need only point out that whether a gesture is furtive (and indicative of criminal activity or danger to police officers) or innocent depends on the factual context." Id. at 783. The judge here appropriately considered the high crime area in which the stop took place, the passenger's hands twice reaching to the right side of his pocket and then to the passenger side door, and Officer Fantasia's reasonable belief that the passenger was reaching for a weapon or secreting narcotics. The officers, thus, had a lawful basis to order the defendant and passenger out of the vehicle.
In addition, once the officers opened the passenger side door and immediately observed the clear plastic bag containing a white substance believed to be cocaine, they had probable cause to order the defendant and passenger out of the vehicle for further police investigation. See Commonwealth v. Miller, 366 Mass. 387, 389 (1974) ("observation of contraband in a vehicle or on the person of an occupant of a vehicle provides probable cause for a complete search for more contraband"). The officers' subsequent patfrisk and search of the vehicle were also constitutional. See Commonwealth v. Torres, 433 Mass. 669, 675 (2001) ("Once the officer reasonably concluded that his safety or that of other persons was at risk, and ordered the occupants to step out of the vehicle, it followed that it was proper for him to conduct a patfrisk for weapons before proceeding further"). The defendant's motion to suppress was, thus, properly denied.
2. Motion for required finding of not guilty. The defendant next argues that the judge erred in denying his motion for a required finding of not guilty because there was no evidence that would permit a jury to find, beyond a reasonable doubt, that the defendant conspired with the passenger to traffic heroin or cocaine. We disagree.
"A motion for a required finding of not guilty is allowed if the evidence of the Commonwealth is insufficient as a matter of law to sustain a conviction for the offense at issue." Commonwealth v. Acosta, 81 Mass. App. Ct. 836, 839 (2012) (citations omitted). In determining the sufficiency of the evidence at trial, we apply the Latimore standard. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). We inquire "whether any rational fact finder could have found all essential elements of the crime beyond a reasonable doubt" while viewing the "evidence in its entirety and in the light most favorable to the Commonwealth." Acosta, supra at 839.
Here, the Commonwealth was required to prove, beyond a reasonable doubt, that the defendant made an agreement with the passenger to traffic in heroin and cocaine. A conspiracy is a "combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means." Commonwealth v. Beneficial Fin. Co., 360 Mass. 188, 249 (1971). A conspiracy need not be proved, however, by "direct evidence of an accused's participation in the conspiracy or [by an] admission of such participation." Commonwealth v. Nelson, 370 Mass. 192, 200 (1976). "A conspiracy may be proved by circumstantial evidence, and this is the usual mode of proving it, since it is not often that direct evidence can be had." Ibid. "Circumstances must be shown from which a reasonable inference can be drawn that the defendant participated in the particular conspiracy charged." Commonwealth v. Schnackenberg, 356 Mass. 65, 74 (1969).
Here, the trier of fact could draw a reasonable inference that the defendant participated in a conspiracy with the passenger based on the evidence obtained from the defendant's vehicle and from the passenger's person. Not only was the defendant the registered owner of the vehicle, but he was also the operator at the time the officers stopped the vehicle. Items commonly used to weigh and package narcotics were stored inside the vehicle's center console. The officers discovered narcotics under the passenger seat of the vehicle, as well as a large sum of cash on the passenger's person. In addition, after towing the vehicle, a drug sniffing dog alerted to and discovered that the vehicle had a removable stereo which provided approximately a one or two inch space to hide narcotics. The additional fact that the passenger and the defendant are related adds to the inference that a conspiracy existed. Commonwealth v. Anselmo, 33 Mass. App. Ct. 602, 607-608 (1992). This evidence, at a minimum, allowed the jury to conclude, beyond a reasonable doubt, that the defendant and the passenger conspired to traffic in cocaine and heroin, in violation of G. L. c. 94C, § 40.
Judgments affirmed.

The cocaine weighed 27.93 grams and had a street value of approximately $1,200 to $1,400.

One bag of heroin weighed 25.05 grams, and the other bag weighed 8.41 grams. The two bags of heroin combined had a street value of approximately $1,800.

General Laws c. 90, § 6, reads, in pertinent part:
"Every motor vehicle ... registered under this chapter when operated in or on any way in this [C]ommonwealth shall have its register number displayed conspicuously thereon by the number plates furnished by the registrar .... The said number plates shall be kept clean with the numbers legible and shall not be obscured in any manner by the installation of any device obscuring said numbers, and during the period when the vehicle or trailer is required to display lights the rear register number shall be illuminated so as to be plainly visible at a distance of sixty feet" (emphasis added).