The defendant, Michael Ferreira, appeals from his convictions of carrying a firearm without a license, possession of a firearm without a firearm identification (FID) card, and possession of ammunition without an FID card. See G. L. c. 269, § 10 (a ), (h ). The defendant contends that there was insufficient evidence of his knowledge and control of a firearm found inside a sweatshirt, behind the passenger seat of the car in which he was riding. We agree that there was insufficient evidence supporting the defendant's knowledge of the firearm, and reverse.
At around 2 A.M. on April 9, 2017, the defendant and a woman were traveling in a car on Lincoln Street in Worcester. The woman, who owned the car, was driving; the defendant was riding in the passenger seat. A State trooper driving behind the car saw it commit multiple marked lane violations, in addition to bumping into a curb at a rotary. The trooper followed the car for approximately one-half mile; once he activated his cruiser's lights, the driver pulled over "relatively quickly." After forming the opinion that the driver was intoxicated, the trooper placed her under arrest. As the defendant only provided a Brazilian passport as identification, the trooper called for a tow truck and conducted an inventory search of the car. He discovered a folded sweatshirt behind the passenger seat and immediately after touching the sweatshirt recognized that a firearm was wrapped within it. After neither the driver nor the passenger could provide the trooper with a license to carry a firearm, the defendant was arrested. He was subsequently convicted of the firearm and ammunition charges on a theory of constructive possession.
On review of the denial of a motion for a required finding of not guilty, "we view the evidence in the light most favorable to the Commonwealth" and "determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. St. Louis, 473 Mass. 350, 360 (2015), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). "[T]he Commonwealth may submit a case wholly on circumstantial evidence, and inferences drawn from that evidence 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Woods, 466 Mass. 707, 713 (2014), quoting Commonwealth v. Merola, 405 Mass. 529, 533 (1989). However, a conviction cannot rest on the "piling of inference upon inference or conjecture and speculation." Commonwealth v. Lovering, 89 Mass. App. Ct. 76, 77 (2016), quoting Commonwealth v. Armand, 411 Mass. 167, 170 (1991).
"To convict a defendant on a theory of constructive possession, the Commonwealth must prove beyond a reasonable doubt that the defendant had knowledge of the contraband, coupled with the ability and intention to exercise dominion and control over it." Commonwealth v. Humphries, 76 Mass. App. Ct. 702, 704 (2010), citing Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989). Mere presence is insufficient to prove constructive possession; the Commonwealth must present additional evidence to "tip the scale in favor of sufficiency." Commonwealth v. Romero, 464 Mass. 648, 653 (2013), quoting Commonwealth v. Albano, 373 Mass. 132, 134 (1977).
The Commonwealth argues that there was sufficient additional incriminating evidence, beyond the defendant's presence in the car, to support constructive possession. The Commonwealth points out that the firearm was discovered behind the seat in which the defendant was sitting, that the defendant's seat had been reclined, that he was not wearing his seatbelt, that the firearm was wrapped in a sweatshirt which was similar to -- but larger than -- a sweatshirt the female driver was wearing at the time of the stop, and that the officer found the sweatshirt-wrapped firearm resting on top of a bag of trash behind the passenger seat. The Commonwealth argues that this evidence supports a conclusion that upon seeing that a police car was following, the defendant wrapped the firearm in his sweatshirt, and placed the sweatshirt and firearm behind the seat before the officer approached the car window.
However, the conclusion the Commonwealth presses rests on nothing more than mere speculation. First, there is no evidence linking the sweatshirt to the defendant. The Commonwealth argues that its larger size and similarity to the driver's sweatshirt suggest that the sweatshirt in the back seat must have belonged to the defendant, yet there is no evidence regarding the defendant's size compared to the driver or to the sweatshirt. Nor does the similarity between the two sweatshirts establish a link to the defendant. There is also no evidence regarding the weather at the time of the stop or what clothing the defendant was wearing when the car was stopped (such as might indicate, for example, an otherwise unexplained absence of outerwear on a cold evening). Additionally, a photograph of the back seat of the car was introduced in evidence, showing that there were two mismatched slippers in the back seat along with various other items and assorted debris, indicating the presence of a myriad of items of unknown origin.
The Commonwealth's suggestion that the defendant placed the sweatshirt and firearm in the back seat is similarly without foundation in the evidence; while it is of course possible that the defendant placed the sweatshirt in the back seat shortly before the trooper stopped the car, there is no evidence to indicate that he did, such as an observation of movement by the defendant while the trooper was in pursuit of the car.
Finally, there is no evidence suggesting the defendant's consciousness of guilt. The defendant showed identification to the trooper when asked, got out of the car when asked, did not try to stop the trooper from conducting the inventory search, and did not attempt to flee the area. Cf. Commonwealth v. Summers, 93 Mass. App. Ct. 260, 264-265 (2018) (defendant's attempt to flee and statements made during arrest demonstrated consciousness of guilt and therefore were proper evidence for theory of constructive possession). As there is a dearth of additional incriminating evidence beyond the defendant's mere presence in the vehicle, "[t]he evidence was insufficient 'to warrant a reasonable inference of personal knowledge of the presence of the gun,' and the conviction[s] cannot stand." Commonwealth v. Snow, 76 Mass. App. Ct. 116, 122 (2010), quoting Commonwealth v. Almeida, 381 Mass. 420, 423 (1980).[2] ,[3]
Judgments reversed.
Findings set aside.
Judgments for defendant.

Because we determine that there was insufficient evidence as to the defendant's knowledge of the firearm, it is unnecessary to discuss the separate requirement of any ability and intention to exercise dominion and control.

Because the only ammunition found here was inside the firearm, the conviction on the ammunition charge likewise cannot stand.